IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LANDCASTLE ACQUISITION
CORP.,
   Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST
COMPANY,
   Defendant.

CIVIL ACTION FILE
NO. 1:16-CV-3618-TWT

**OPINION AND ORDER**

This is a tort case arising from the misappropriation of client funds by a non-party attorney. It is before the Court on the Defendant First-Citizens Bank & Trust Company's Motion to Dismiss [Doc. 2]. For the following reasons, the Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

**I. Background**

On June 19, 2012, First-Citizens obtained a judgment in the Superior Court of Cobb County, Georgia against Nathan E. Hardwick, IV in the total amount of $633,000.00. Hardwick was a lawyer and former partner with a law firm previously known as Morris Hardwick Schneider, LLC, now known as Morris Schneider Wittstadt, LLC ("MSW"). Hardwick satisfied this judgment by sending funds kept in

MSW's Georgia Interest on Lawyers' Trust Account ("IOLTA account") to First-Citizens in ten separate wire payments. First-Citizens accepted the payments, although none of the payments came from an account held in the name of Hardwick.[1]

Eventually, as a result of Hardwick's payments, MSW realized that its IOLTA accounts were suffering from shortfalls. In order to restore the missing funds and meet its fiduciary obligations, MSW entered into an agreement with Landcastle, whereby Landcastle covered the shortfall in exchange for the assignment of MSW's rights to pursue the improperly transferred funds.[2] Exercising those rights, Landcastle filed a Complaint against First-Citizens in Fulton County, Georgia, alleging counts of conversion, money had and received, and unjust enrichment, as well as seeking attorneys' fees. First-Citizens removed the Complaint to this Court on the basis of diversity jurisdiction.[3] First-Citizens now moves to dismiss the Complaint.

---

[1] Compl. ¶¶ 1-10.

[2] Id. at ¶¶ 11-13.

[3] Landcastle is a Delaware corporation, while First Citizens is incorporated in North Carolina.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[4] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[5] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[6] Generally, notice pleading is all that is required for a valid complaint.[7] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[8]

---

[4] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[5] Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[6] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[7] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[8] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

**A. Conversion**

In Georgia, "[c]onversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation."[9] "Whoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith."[10] To establish a claim for conversion, the Plaintiff must show: "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property."[11] On the face of the Complaint, the Plaintiff seems to have satisfied these elements. After all, the Defendant did take possession and control over funds that rightfully belonged to MSW and has refused to return them despite a demand to do so by the Plaintiff.

The Defendant argues, however, that because the property in question is money, a conversion action is inapposite. It is true that money is generally not subject to a

---

[9] Trey Inman & Associates, P.C. v. Bank of Am., N.A., 306 Ga. App. 451, 457 (2010) (quotations omitted).

[10] Id. (quotations omitted).

[11] Id. (quotations omitted).

claim for conversion.[12] But there is an exception to this rule where the "allegedly converted money is specific and identifiable."[13] Georgia courts have held that electronically transferred funds, like the funds in this case, can be specific and identifiable, at least in situations where the specific source, amount, and destination of the funds are known.[14]

The Court finds that the Complaint contains sufficient allegations to show that the funds in this case are specific and identifiable. The Complaint alleges that all of the funds came from the firm's IOLTA account. The Complaint also contains specific allegations of ten different payments that were made to the Defendant, their amounts, and their source. And of course, the Complaint alleges that all of these funds were accepted by the same party, the Defendant, for the same purpose, namely, to pay off Hardwick's debt to the Defendant. At this stage, this is sufficient to show that the

---

[12] Trey Inman, 306 Ga. App. at 458.

[13] Hudspeth v. A & H Const., Inc., 230 Ga. App. 70, 71 (1997).

[14] See Trey Inman, 306 Ga. App. at 458-59 (holding that "$76,122.31 in funds that TIA disbursed to Brookchase Builders via wire transfer was specific and identifiable and therefore was a proper subject for the Bank's conversion claim"). See also Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 365 N.C. 520, 529 (2012) ("...we conclude that funds transferred electronically may be sufficiently identified through evidence of the specific source, specific amount, and specific destination of the funds in question. Other courts confronting this challenge [including the Trey Inman court] have held similarly.").

funds are sufficiently specific and identifiable, and therefore subject to a conversion claim.

**B. Money Had and Received**

The Plaintiff also seeks recovery of the misappropriated funds under a theory of money had and received. Money had and received "is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and is a substitute for a suit in equity."[15] To successfully plead a claim for money had and received, a Complaint must allege that "a person has received money of the other that in equity and good conscience he should not be permitted to keep; demand for the repayment has been made; and the demand was refused."[16]

Also essential to the claim of money had and received, however, is that the defendant was unjustly enriched.[17] Georgia courts have dismissed similar cases where defendants received money they were legally entitled to obtain. For example, in

---

[15] Time Ins. Co. v. Fulton-DeKalb Hosp. Auth., 211 Ga. App. 34, 35 (1993) (quoting Gulf Life Ins. Co. v. Folsom, 256 Ga. 400, 402 (1986)).

[16] Fernandez v. WebSingularity, Inc., 299 Ga. App. 11, 13 (2009).

[17] See Eastside Carpet Mills, Inc. v. Dodd, 144 Ga. App. 580, 581 (1978) (holding that bank was not liable for money paid in satisfaction of loan it had given because it was merely paid what it was owed). See also Haugabook v. Crisler, 297 Ga. App. 428, 433 (2009) ("Yet the court decided Dodd on the reasoning that the defendant was not unjustly enriched because it had received only what it was entitled to as a part of a separate business transaction.").

Eastside Carpet Mills, Inc. v. Dodd,[18] the defendant bank had loaned money to Buyer One for the purpose of purchasing a car. Buyer One eventually sold that car to Buyer Two, and used the proceeds from the sale to pay off the remaining loan. Eventually, it was discovered that the car was stolen, and Buyer Two returned the car to its actual owner. Buyer Two sued the bank to recover the money he paid for the car under a theory of money had and received. The Dodd court affirmed the trial court's dismissal, noting that "the bank was not unjustly enriched," because it had "received only those funds to which it was entitled as a result of its loan to [Buyer One], and no relationship of any kind was shown to exist between [Buyer Two] and the bank."[19]

Likewise, in this case, the Defendant has not been unjustly enriched. It has received only those funds which Hardwick owed on the judgment between Hardwick and the Defendant. There is no allegation of any relationship between the Defendant and the Plaintiff. As such, the claim for money had and received must be dismissed.

---

[18] Dodd, 144 Ga. App. at 580.

[19] Id. at 581.

**C. Unjust Enrichment**

The Plaintiff's last substantive claim is for unjust enrichment. Unjust enrichment is an equitable doctrine that "applies when as a matter of fact there is no legal contract, but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for."[20] Thus, in order to state a claim for unjust enrichment, the Plaintiff must show that "(1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust."[21]

The Georgia Court of Appeals addressed a very similar case in Speedway Motorsports, Inc. v. Pinnacle Bank.[22] In that case, a consultant for the plaintiff had defrauded the plaintiff of millions of dollars, and used a portion of those proceeds to pay the downpayment on a house, the remaining purchase price of which came from the defendant bank.[23] When the consultant defaulted on the mortgage loan, the bank

---

[20] Engram v. Engram, 265 Ga. 804, 806 (1995) (quotations and some punctuation omitted).

[21] Hill v. Clark, No. 2:11-CV-0057-RWS, 2012 WL 787398, at *6 (N.D. Ga. Mar. 7, 2012).

[22] Speedway Motorsports, Inc. v. Pinnacle Bank, 315 Ga. App. 320 (2012).

[23] Id. at 321-22.

foreclosed on the house.[24] Upon discovering the fraud, the plaintiff sued the bank for unjust enrichment.[25] Citing Dodd, the Speedway court upheld the dismissal of the unjust enrichment claim, noting that there was "no allegation that [the consultant] gave any value to the Bank except that to which it was entitled under the terms of the loan. Accordingly, the second amended complaint shows that the Bank has received nothing in the nature of a windfall and has not, therefore, been unjustly enriched."[26]

The same is true in this case. The Plaintiff acknowledges that the Defendant had a loan agreement with Hardwick and received no more from Hardwick than it was entitled to under the loan. Similar to the claim for money had and received, the Defendant "received nothing in the nature of a windfall and has not, therefore, been unjustly enriched."[27] The Plaintiff's claim for unjust enrichment cannot stand.

**D. "Two Innocents" Doctrine**

The Defendant alternatively asserts that it is not liable to the Plaintiff for any of the funds due to the "two innocents" doctrine. Under Georgia law, "[w]hen one of two innocent persons must suffer by the act of a third person, he who put it in the

---

[24] Id. at 322.

[25] Id.

[26] Id. at 324.

[27] Id.

power of the third person to inflict the injury shall bear the loss."[28] Generally speaking, affirmative defenses do not support dismissal; only when the existence of the defense is readily apparent from the face of the complaint is dismissal appropriate.[29] This means that "unless an affirmative defense is admitted by the plaintiff or completely disclosed on the face of the pleadings, a motion to dismiss cannot properly be granted on the basis of an affirmative defense."[30]

The Defendant argues that the Complaint contains no allegation of any wrongdoing on its part; therefore, since the Plaintiff is the one who put the money in Hardwick's hands, the Plaintiff ought to bear the consequences. While it is true that the Complaint contains no allegations of any wrongdoing on the Defendant's part, the Defendant makes the mistake of assuming that the Complaint's silence establishes its innocence. The Complaint does not address the Defendant's culpability, if any, because it is not required to. None of the alleged claims require a showing of culpability, intent, or knowledge. And the Plaintiff "need not anticipate affirmative

---

[28] O.C.G.A. § 23-1-14.

[29] See Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP, 609 F. App'x 972, 976 (11th Cir. 2015).

[30] Speedway, 315 Ga. App. at 330.

defenses and plead around them."[31] As the Complaint is silent on the issue of the Defendant's culpability, an essential element of the two innocents defense is unestablished and cannot be used as grounds for dismissal.

**E. Remaining Issues**

The Defendant moves to dismiss the Plaintiff's claim for litigation expenses, but because the conversion claim survived the motion to dismiss, dismissal of the claim for litigation expenses is unwarranted at this time. The Defendant also moves to dismiss the entire Complaint on lack of standing, arguing that the Plaintiff has not sufficiently shown that MSW's rights were assigned to the Plaintiff. This argument is premature. At the motion to dismiss stage, the Plaintiff is not required to support allegations with evidence; rather, the allegations in the Complaint are taken as true.[32] Because the Plaintiff alleged that it received MSW's rights as consideration for covering the losses to the IOLTA accounts, that is enough to survive a motion to dismiss.

---

[31] Id.

[32] See Scenic Am., Inc. v. United States Dep't of Transportation, 836 F.3d 42, 48 (D.C. Cir. 2016) (describing the various levels of proof required to establish standing at different stages in litigation).

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 2] is GRANTED in part and DENIED in part.

SO ORDERED, this 28 day of June, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge